1

```
 1                  UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF NEW YORK
 2   - - - - - - - - - - - - - - - - X
                                     :
 3     DURACELL U.S. OPERATIONS,     :  18-CV-02338(AMD)
       INC.,                         :
 4                                   :
                  Plaintiff,         :
 5                                   :  United States Courthouse
                                     :  Brooklyn, New York
 6       -against-                   :
                                     :
 7                                   :  July 24, 2018
                                     :  11:00 a.m.
 8     HERSHEL BRACH, ET AL.,        :
                                     :
 9                Defendants.

10   - - - - - - - - - - - - - - - - X

11       TRANSCRIPT OF CIVIL CAUSE FOR PRE MOTION CONFERENCE
                BEFORE THE HONORABLE ANN M. DONNELLY
12                  UNITED STATES DISTRICT JUDGE

13
                          A P P E A R A N C E S:
14
     For the Plaintiff:   VORYS, SATER, SEYMOUR and PEASE LLP
15                        301 East Fourth Street
                          Suite 3500, Great American Tower
16                        Cincinnati, OH 45202

17                        BY:   TERRELL B. FINNEY, ESQ.

18
                          REED SMITH, LLP
19                        599 Lexington Avenue
                          28th Fl
20                        New York, NY 10022

21                        BY:   PETER DANA RAYMOND, ESQ.

22
     For the Defendants:  AMSTER ROTHSTEIN & EBENSTEIN LLP
23                        90 Park Ave
                          New York, NY 10016
24
                          BY:   MARK BERKOWITZ, ESQ.
25
```

1
2      A P P E A R A N C E S: (Continued.)

3   For the Defendants: NEVILLE PETERSON LLP
                        17 State Street, Suite 1900
                        New York, NY 10004
4                    BY:  JOHN MICHAEL PETERSON, ESQ.
                          RUSSELL ANDREW SEMMEL, ESQ.
5

6   Court Reporter:     Denise Parisi, RPR, CRR
                        Official Court Reporter
7                       Telephone: (718) 613-2605
                        E-mail:  DeniseParisi72@gmail.com
8
    Proceedings recorded by computerized stenography.  Transcript
9   produced by Computer-aided Transcription.

10
                    *     *     *     *     *
11

12          THE COURTROOM DEPUTY:  This is civil cause for a

13  pre-motion conference, Docket No. 18-CV-2338, Duracell U.S.

14  Operations Inc., versus Brach, et al.

15          Counsel, state your appearance, plaintiff first.

16          MR. FINNEY:  Blake Finney on behalf of Duracell U.S.

17  Operations, Inc.

18          MR. RAYMOND:  Peter Raymond from Reed Smith, also

19  for plaintiff, Duracell.

20          MR. BERKOWITZ:  Mark Berkowitz of Amster, Rothstein

21  & Ebenstein on behalf of the defendants Eminah Properties and

22  Mr. Brach.

23          MR. PETERSON:  John Peterson of Neville Peterson,

24  LLP, also for Eminah Properties and Mr. Brach.

25          MR. SEMMEL:  Russell Semmel, Neville Peterson, LLP,

Proceedings                                                              3

1  also for defendants.
2             THE COURT:  All right.  Everybody is here for the
3  great battery caper.
4             So have you settled it?
5             MR. FINNEY:  We have not.
6             THE COURT:  Didn't you settle it in Illinois or not?
7             MR. FINNEY:  So --
8             THE COURT:  Just use the microphone.  I want to make
9  sure I can hear.
10            MR. FINNEY:  There have been -- there are two cases
11 in Illinois:  One is Duracell v. Chicago Import; the other is
12 Duracell v. JRS.  Several of the defendants from the JRS case
13 have settled.  I believe one of the defendants in the Chicago
14 Import case has settled, and on June 28th, Judge Gettleman,
15 who is overseeing both those cases, had a status conference on
16 settlement to kind of see where things stood, and, given the
17 state of things, he determined that he was going to proceed
18 with deciding on the motions to dismiss that were pending
19 before him, and he expects those to be -- an opinion to be
20 issued on August 15th.
21            THE COURT:  Okay.  So the way I see this -- and if
22 I'm wrong, I'm sure you will tell me, but I feel like the OEM
23 Battery, I feel like that's not a winner for you just based
24 on -- there's no suggestion that the OEM batteries are any
25 different, right?  They're just not meant to be used in the

1  way -- they're meant to be used with the original equipment,
2  right?
3           MR. FINNEY:  So they are a battery that's labeled
4  differently.
5           THE COURT:  Right.
6           MR. FINNEY:  They are labeled, "Not for retail sale"
7  or --
8           THE COURT:  But it's the same thing, right?
9           MR. FINNEY:  Well, there are a number of differences
10 with it in terms of, kind of, who -- who is entitled to a
11 warranty, who receives it.
12          THE COURT:  That's not my question.  I get all that.
13 You are talking about the way that it's being sold as opposed
14 to what it actually is, correct?
15          MR. FINNEY:  I believe that it may actually be
16 chemically different, but that's nothing that's contained in
17 our pleadings as of yet.
18          THE COURT:  Okay.  All right.  I'm just not sure
19 that -- at least under some of the case law that I've looked
20 at -- that if it has the true mark, it is really not reached
21 by trademark law, but maybe that's not right.
22          MR. BERKOWITZ:  Your Honor, can I add to that?
23          THE COURT:  Yes.
24          MR. BERKOWITZ:  You hit the nail on the head.
25          THE COURT:  Sometimes I do, yes.

1    MR. BERKOWITZ:  The OEM batteries that the
2  defendants here are selling are identical to at least the OEM
3  batteries that Duracell sells in this country, and they are
4  identical to all other batteries.  They are batteries at the
5  end of the day; there's really nothing special about them, and
6  there really is no case here.  That's why we --
7    THE COURT:  Then I think you probably don't have a
8  winner on your first one because it's really -- this is just a
9  motion to dismiss the complaint, right?  It's not summary
10  judgment.
11    MR. BERKOWITZ:  Right.  I'm saying, as a legal
12  issue, they can't get past the pleading stage.
13    THE COURT:  I mean, I think that's a harder sell.  I
14  could be wrong.  This is really just, sort of, an observation.
15  I don't know how many consumers would look at the batteries
16  they buy and --
17    MR. BERKOWITZ:  Putting the differences aside for a
18  second, the correct comparison is the product sold by Duracell
19  in this country with the products being sold by the
20  defendants.  When you compare our OEM --
21    THE COURT:  Slow down.
22    MR. BERKOWITZ:  When you compare the products that
23  are being sold by the defendants with the products being sold
24  by Duracell, they're identical; there's no differences at all.
25    THE COURT:  That's on the OEM.

1    MR. BERKOWITZ:  On the OEM.
2    THE COURT:  But the first one there are some
3 differences, right?
4    MR. BERKOWITZ:  When you say the first one, you
5 mean -- I'm sorry, just --
6    THE COURT:  I don't know.  I'm not that well versed
7 in my battery language, but the foreign retail batteries.
8    MR. BERKOWITZ:  The foreign retail batteries are
9 such an insignificant part of this case that it's really
10 de minimis.
11    The issue here is the OEM batteries, and as far as
12 those batteries -- I think that there are no material
13 differences.  They're looking at warranties and things like
14 that, but there's really no details as to what those --
15    THE COURT:  I don't want the court reporter to quit,
16 so just --
17    MR. BERKOWITZ:  My apologies.
18    THE COURT:  We've got plenty of time.
19    MR. BERKOWITZ:  There's really no explanation --
20 there's no facts pled in the complaint as to more detailed --
21 what the warranty is, what the guarantee is --
22    THE COURT:  You are talking about the foreign retail
23 batteries?
24    MR. BERKOWITZ:  Yes, and why that's all material to
25 a consumer.

1           THE COURT:  So you gave that part of the complaint,
2    kind of, the back of your hand, but I guess you are not
3    withdrawing it, are you?
4           MR. FINNEY:  No, certainly not.  And, I mean, I
5    think that those claims would remain even if this OEM issue
6    were resolved in the defendants' favor; but I would just say
7    that the thing that's, I think, being glossed over here is
8    that the defendants are not advertising that they're selling
9    OEM batteries.  They've sold batteries, it says, you know,
10   48 -- 48-count Duracell batteries, and there's no indication
11   these are actually OEM batteries, and what customers are
12   receiving are, you know, batteries loosely packed in a
13   cardboard box, and we included, you know, numerous, kind of,
14   negative reviews that are showing up on the defendants'
15   storefront saying, I received, you know, a box of loose
16   batteries that are all damaged because they've been packaged
17   in this haphazard manner that is --
18          THE COURT:  But is that something that's reached by
19   trademark law?
20          MR. FINNEY:  It is.  There's numerous cases saying
21   that when a product has been, you know, broken down and
22   repackaged, particularly when it's being marketed with such a
23   distinctive trademark as, like, the Duracell copper top logo,
24   you know, people are expecting that they are getting --
25          THE COURT:  But it is, in fact, a Duracell battery,

1  right?

2          MR. FINNEY:  It is a Duracell product, but it is not
3  the product that consumers think that they are purchasing.
4  They are, kind of, being hoodwinked here by thinking they are
5  buying a 48 pack of Duracell batteries, and instead they are
6  getting a 48-count box of loose batteries that are these OEM
7  batteries that are not what they're expecting at all.

8          THE COURT:  All right.

9          MR. PETERSON:  Your Honor, John Peterson for the
10 defendant.

11         And, as my wife was a court reporter, I will try to
12 speak slowly and loud.

13         Our firm has been involved in some of this Duracell
14 gray market litigation for the better part of two years.
15 There's never been a suggestion of chemical difference in the
16 batteries.  Duracell represented to Judge Gettleman in Chicago
17 that the OEM batteries are identical to OEM batteries.

18         With regard to packaged batteries, all of Duracell's
19 claims relate to packaging.  You know, they have a warranty;
20 they have a guarantee; they have consumer care information.
21 But to prevail in a gray market case like this, they have to
22 plead and they have to prove that all, or almost all, of their
23 batteries are different from the batteries that we sell.  They
24 are not going to be able to do that because they have gone on
25 record with the Court, across the river in the Court of

1  International Trade, with documents they supplied to the
2  Government which indicate Duracell, itself, every year, sells
3  millions and millions of completely unlabeled OEM batteries --
4  no labeling at all.
5  　　　　　So the problem is -- I mean, the OEM batteries --
6  ours and theirs -- are totally identical, as you said.  The
7  gravamen of their argument is packaging differences, but they
8  can't prevail on that if they're selling millions -- and they
9  have put this on public record -- millions of completely
10 un-packaged, unlabeled batteries in the United States.  They
11 have a warehouse in Tennessee devoted just to this.
12 　　　　　THE COURT:  Well, I'm fairly certain that we are not
13 going to resolve these questions today, so I can set a motion
14 schedule, but it does seem like this is something you should
15 be able to work out.  If you can't, you know, file the
16 motions, but, as I said, I think should you should be able to
17 work it out, but if you can't, I love deciding motions to
18 dismiss.
19 　　　　　So can you file your motion by August 27th?  Does
20 that work?
21 　　　　　MR. BERKOWITZ:  Yes, Your Honor.
22 　　　　　THE COURT:  Okay.  I know it's summer vacation time,
23 so if it's not convenient, you will let me know.
24 　　　　　And then your opposition would be September 26th.
25 Is that a good date?

1  MR. FINNEY:  Yes.  I think that works for us.
2  THE COURT:  Okay.  Any reply will be October 10th.
3  And if you are so inclined and want to send me --
4  I'm blanking on the name of the judge who is overseeing the
5  other litigation --
6  MR. FINNEY:  Judge Gettleman.
7  THE COURT:  -- but if you want to send me whatever
8  he or she decides.  I'm not going to copy it.
9  Anyway, all right, is there anything else?
10  MR. BERKOWITZ:  No, Your Honor.
11  MR. FINNEY:  No, Your Honor.
12  THE COURT:  Okay.  Great.  Thanks a lot.
13  MR. FINNEY:  Thank you, Your Honor.
14  MR. BERKOWITZ:  Thank you, Your Honor.
15  (Matter concluded.)
16
17          *    *    *    *    *
18
19  I certify that the foregoing is a correct transcript from the
    record of proceedings in the above-entitled matter.
20
21     /s/ Denise Parisi                    May 12, 2020
22        DENISE PARISI                        DATE
23
24
25

Denise Parisi, RPR, CRR
Official Court Reporter